UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ISMAIL and NAZLEEN F. ISMAIL,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 2:12-cv-01653-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Mohammed Ismail and Nazleen Ismail ("Plaintiffs") seek redress from Defendant Wells Fargo Bank, N.A., ("Defendant") based on multiple claims brought under California state law. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("MTD") for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 12.) Defendant also filed a Request for Judicial Notice ("RJN") of certain documents. (ECF No. 13.) For the reasons below, Defendant's Motion to Dismiss is GRANTED with leave to amend.[2]

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[3]

In 2006, Plaintiffs borrowed $268,000 from World Savings Bank, FSB, secured by property located at 243 Stephen Street, Fairfield, California, 94533. The loan was secured by a Deed of Trust ("DOT") in the Solano County Recorder's Office which was recorded on March 22, 2006. The DOT names Golden West Savings Association Savings Co. ("Golden West") as Trustee. On April 3, 2007, the DOT was securitized and sold to a real estate mortgage investment conduit ("REMIC"), World Savings Bank REMIC, which subsequently became Wells Fargo Bank, N.A. In September 2011, Plaintiffs' loan fell into default. On December 1, 2011, NDEx West, LLC, ("NDEx") acting as Defendant's agent, recorded a Notice of Default in the Solano County Recorder's office. On December 27, 2011, a Substitution of Trustee was recorded, naming NDEx as the Trustee under the DOT. On February 29, 2012, NDEx filed a Notice of Trustee's Sale. The Trustee's Sale was scheduled for March 27, 2012.

///
///
///

---

[3] The factual assertions in this section are taken from Plaintiff's Complaint (ECF No. 2) and Defendant's RJN. The subjects of the RJN include: an Adjustable Rate Mortgage Note dated March 9, 2006; a Deed of Trust recorded on March 22, 2006; a Certificate of Corporate Existence; a Letter from the Office of Thrift Supervision ("OTS") dated November 19, 2007, regarding the amendment of World Savings Bank, FSB's charter and bylaws; a copy of the charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to the Home Owner's Loan Act ("HOLA"); Official Certification of the Comptroller of the Currency ("OCC") of the conversion of Wachovia Mortgage, FSB, to Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A.; a printout from the Federal Deposit Insurance Corporation ("FDIC") website showing the history of Wachovia Mortgage, FSB; Notice of Default and Election to Sell Under Deed of Trust dated November 29, 2011; Substitution of Trustee dated December 15, 2011; and Notice of Trustee Sale dated February 27, 2012. To the extent the Court relies on any documents not attached directly to Plaintiffs' Complaint, those documents are referenced in the Complaint and are thereby incorporated by reference. Under Federal Rule of Evidence 201, a court may take judicial notice of matters which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiffs object to judicial notice of all exhibits on the ground of hearsay. However, as the Court does not take judicial notice of the facts contained therein, Plaintiffs' objections are overruled. For the purposes of this Motion, the Court accepts Plaintiffs' facts as true and makes all inferences in the light most favorable to Plaintiffs.

On June 21, 2012, Plaintiffs filed a complaint in this Court on the basis of diversity jurisdiction.  (ECF No. 2).  Plaintiffs raise the following state law claims: (1) wrongful foreclosure in violation of California Civil Code section 2924; (2) slander of title; (3) violation of California Civil Code section 2923.5; and (4) violation of California Business and Professions Code section 17200, et seq.  Plaintiffs seek injunctive relief, compensatory and punitive damages, fees and costs, and any other relief the Court deems just and proper.  Defendant filed a Motion to Dismiss and a RJN on August 13, 2012.  (ECF Nos. 12, 13.)  Plaintiffs filed a timely opposition on August 27, 2012.  (ECF No. 16.)  Defendants filed a Reply to Plaintiffs' Opposition on September 13, 2012.  (ECF No. 17.)

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."

///

3

1  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal
2  Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (stating that the pleading must
3  contain something more than "a statement of facts that merely creates a suspicion [of] a
4  legally cognizable right of action")).
5       Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion,
6  of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see
7  how a claimant could satisfy the requirements of providing not only 'fair notice' of the
8  nature of the claim, but also 'grounds' on which the claim rests."  Twombly, 550 U.S. at
9  555 n.3 (internal citations and quotations omitted).  A pleading must contain "only
10 enough facts to state a claim to relief that is plausible on its face."  Id. at 570; see also
11 Iqbal, 556 U.S. at 677-79.  If the "plaintiffs . . . have not nudged their claims across the
12 line from conceivable to plausible, their complaint must be dismissed."  Twombly,
13 550 U.S. at 570; Iqbal, 556 U.S. at 680.
14      A court granting a motion to dismiss a complaint must then decide whether to
15 grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend
16 when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . .
17 undue prejudice to the opposing party by virtue of allowance of the amendment, [or]
18 futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Dismissal
19 without leave to amend is proper only if it is clear that "the complaint could not be saved
20 by any amendment."  Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir.
21 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props.,
22 Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted
23 where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

A.  **Wrongful Foreclosure**

For their first cause of action, Plaintiffs claim that Defendant lacked the legal power to foreclose Plaintiffs' property because under the DOT, Defendant was not the true beneficiary and therefore is not the owner of the beneficial interest.  (ECF No. 2 at 4-5.)  Plaintiffs also contend that Defendant violated California Civil Code section 2932.5 because Defendant did not have the power of sale as it was not the owner of the beneficial interest in the DOT.  (Id. at 5-6.)

In response, Defendant asserts that it was the owner of the loan and therefore properly commenced non-judicial foreclosure proceedings.  (ECF No. 12 at 7.)  Defendant further contends that California Civil Code section 2932.5 is inapplicable in this case because the statute only applies to a mortgage and not a deed of trust.  (Id.)

To state a cause of action for wrongful foreclosure, Plaintiffs must plead "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011).  In California, only the trustee, mortgagee, beneficiary, or an authorized agent may record a Notice of Default.  Cal. Civ. Code § 2924(a)(1).  The Notice of Default must identify the mortgage or deed of trust, the instrument number where the deed of trust is recorded, must inform the borrower of his breach of the obligation, and notify the borrower of the election to sell the property to satisfy the obligation.  Id.

///

///

Plaintiffs' argument that Defendant lacked the legal power to foreclose their property is meritless. In California, if a deed of trust contains a power of sale clause, the owner of the beneficial interest may initiate non-judicial foreclosure proceedings. Cal. Civ. Code § 2924; Rosenfelt v. JP Morgan Chase Bank, N.A., 732 F. Supp. 2d 952, 963 (E.D. Cal. 2010). In this case, the DOT contains a power of sale clause, stating "[i]f there is a Breach of duty by [Borrower], Lender may exercise the power of sale, take action to have the Property sold under applicable law . . . ." (RJN, ECF No. 13 at Ex. B.) Further, the Notice of Default complies with California Civil Code section 2924 as (1) it identifies NDEx as the Trustee; (2) provides the instrument number; (3) informs Plaintiffs of the amount that is past due; (4) and provides notification of the election to sell. (Id. at Ex. H.)

Plaintiffs also argue that Defendant lacked the legal power to foreclose the property because the Substitution of Trustee is invalid. However, recordation of the substitution of trustee after a notice of default is permissible as long as that recordation occurs prior to the notice of sale. Cal. Civ. Code § 2034a(b). Because this is the case here, Plaintiffs' claim for wrongful disclosure based on invalid substitution of NDEx as trustee fails.

Plaintiffs further contend that Defendant violated California Civil Code section 2932.5 because Defendant did not have the power of sale as it was not the owner of the beneficial interest in the DOT. Section 2932.5 states:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

///

///

///

1  Cal. Civ. Code § 2932.5.  However, the statute applies only to a mortgage and not a
2  deed of trust.  Calvo v. HSBC Bank USA N.A., 199 Cal. App. 4th 118, 122 (Cal. Ct. App.
3  2011).  Because Plaintiffs' claim is based on the DOT, as a matter of law, they cannot
4  base their wrongful foreclosure claim on failure to comply with statutory requirements
5  that apply only to mortgages.
6  Lastly, in California, a full tender must be made to set aside a foreclosure sale.
7  Stebley v. Litton Loan Servicing, 202 Cal. App. 4th 522, 526 (Cal. Ct. App. 2011).
8  Plaintiffs do not allege any facts showing that they made a full tender of the
9  reinstatement amount for the property.  Accordingly, Defendant's Motion to Dismiss
10  Plaintiffs' wrongful foreclosure claim is granted.

12  **B.    Slander of Title**

14  For their second cause of action, Plaintiffs argue that the Notice of Trustee's Sale
15  cannot lead to a valid foreclosure because Defendant did not have a valid beneficial
16  interest in the DOT.  (ECF No. 2 at 7.)  Plaintiffs further contend that NDEx's action in
17  recording the Notice of Trustee's Sale caused doubt to be placed on Plaintiffs' title to the
18  property such that it directly impaired their ability to sell the property and caused them to
19  retain attorneys.  (Id.)
20  Defendant contends that Plaintiffs have failed to articulate a financial loss suffered
21  as a result of Defendant's disparagement of the Plaintiffs' title.  (ECF No. 12 at 8.)
22  Defendants also assert that as the holder of the beneficial interest under the DOT,
23  Defendant and NDEx are protected by qualified privilege when publishing and delivering
24  any notices in the foreclosure proceedings.  (Id.)
25  Slander of title requires (1) publication; (2) falsity; (3) absence of privilege;
26  (4) disparagement of another's land which is relied upon by a third party and which
27  results in (5) pecuniary loss.  Gudger v. Manton, 21 Cal. 2d 537, 541 (1943), overruled
28  on another ground in Albertson v. Raboff, 46 Cal. 2d 375, 381 (1956).

Plaintiffs are in default under the DOT. As such, the recordation of the Notice of Default and Notice of Sale could not have damaged Plaintiffs even if these documents contained false or mistaken information concerning the identity of beneficiary. Plaintiffs have failed to allege any fact, other than their allegation that the Substitution of Trustee was invalid, in support of this claim. Importantly, Plaintiffs fail to allege facts showing that they have suffered damages from slander of title as a matter of law as a result of the recordation of the Notice of Sale. Accordingly, Defendant's Motion to Dismiss as to this claim is granted.

**C.     California Civil Code section 2923.5**

Plaintiffs' third cause of action alleges that Defendant violated California Civil Code section 2923.5 by failing to contact them in person or by telephone at least thirty days prior to filing the Notice of Default on December 1, 2011. (ECF No. 2 at 8-9.) Plaintiffs contend that the Notice of Default was invalid because it fails to state that Defendant attempted to contact Plaintiffs with due diligence, as required by the statute, and fails to state that Plaintiffs were never contacted. (Id.)

In response, Defendant argues that section 2923.5 does not apply to Plaintiffs' loan at all because the statute only governs loans which are secured by "owner-occupied residential real property," which is not present in this case. (ECF No. 12 at 9.) Defendant further contends that it complied with the statute and that the statute does not impose a binding obligation on lenders. (Id. at 9-10.)

Section 2923.5 requires all mortgagees, trustees, beneficiaries and authorized agents that seek non-judicial foreclosure of loans to make diligent efforts to "contact the borrower . . . in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a).

///

///

The law further requires that applicable notices of default include a declaration that "the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." Id. § 2923.5(b). While this statute does give rise to a right of action, no party has rights under this statute until a notice of default has been filed. See id. Further, this statute applies only to "mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner-occupied residential real property containing no more than four dwelling units. For purposes of this subdivision, 'owner-occupied' means that the residence is the principal residence of the borrower as indicated to the lender in loan documents." Id. § 2923.5(i).

In this case, the statute does not apply, because according to the DOT, the property was not "owner-occupied" as required by the statute. Therefore, Defendant's Motion to Dismiss Plaintiffs' section 2923.5 claim is granted.

### D.  California's Unfair Competition Law

Plaintiffs' fourth cause of action alleges that Defendant violated section 17200, et seq., of California's Business and Professions Code, more commonly known as California's Unfair Competition Law ("UCL"). (ECF No. 2 at 10.) The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." This section establishes a private right of action to remedy such unfair competition. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007).

Section 17200 establishes three separate varieties of unfair competition: acts or practices which are unlawful, or unfair, or fraudulent. Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). In proscribing "unlawful business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that [section 17200] makes independently actionable."

Durrell v. Sharp Healthcare, 108 Cal. App. 4th 1350, 1361 (Cal. Ct. App. 2010).  Thus, "unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made."  Saunders v. Sup. Ct., 27 Cal. App. 4th 832, 838-39 (Cal. Ct. App. 1994) (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)).  To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law.  McKale, 25 Cal. 3d at 635.

In the present case, Plaintiffs' UCL claim is predicated on their claim that Defendant violated California Civil Code section 2923.5.  However, Plaintiffs have failed to successfully state a cause of action pursuant to that statute.  See supra.  Because that claim fails, as set forth above, Plaintiffs' section 17200 claim also fails.  Defendant's Motion to Dismiss as to Plaintiffs' section 17200 claim is therefore granted.

### E.  HOLA Preemption

Defendant also contends that all of Plaintiffs' claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1451, et seq., and its regulations.  (ECF No. 12 at 12-14.)  Federal law preempts state law "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it."  Bank of Am. v. City of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002).  Through HOLA, the Office of Thrift Supervision ("OTS") is authorized "to promulgate regulations that preempt state laws affecting the operations of federal savings associations."  12 C.F.R. § 560.2(a).  However, HOLA preemption of state laws affecting federal savings associations is not absolute as state laws that "only incidentally affect the lending operations of Federal savings associations" are not preempted.  Id. § 560.2(c).  Claims based on misconduct relating to foreclosure proceedings have been found to be governed by HOLA such that any state law claims are preempted.
///

See De Leon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); Stefan v. Wachovia, No. C 09-2252 SBA, 2009 WL 4730904, at *2 (N.D. Cal. Dec. 7, 2009). In this case, Plaintiffs' claims for violations of California Civil Code sections 2924 and 2923.5 regulate Defendant's ability to participate and service its mortgages. Therefore, these claims are preempted and are dismissed on this ground as well.

## CONCLUSION

As a matter of law, and for the reasons set forth above, Wells Fargo Bank's Motion to Dismiss Plaintiffs' Complaint is GRANTED with leave to amend. Plaintiffs shall file any amended complaint within twenty (20) days of the date this Order is filed electronically. If no amended complaint if filed within said twenty (20) day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE