1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MOHAMMED ISMAIL and NAZLEEN              Case No. 2:12-cv-01653-MCE-CKD
     F. ISMAIL,
12
                    Plaintiffs,
13                                            **MEMORANDUM AND ORDER**

14          v.

     WELLS FARGO BANK, N.A., et al.,
15
                    Defendants.
16

17

18          Plaintiffs Mohammed Ismail and Nazleen Ismail ("Plaintiffs") seek redress from

19   Defendants Wells Fargo Bank, N.A. ("Defendant"), and NDEX West, LLC, based on

20   multiple claims brought under California state law.  Specifically, Plaintiffs raise the

21   following state law claims: (1) wrongful foreclosure in violation of California Civil Code

22   section 2924; (2) slander of title; (3) violation of California Civil Code section 2923.5; and

23   (4) violation of California Business and Professions Code section 17200.  Plaintiffs seek

24   injunctive relief, compensatory and punitive damages, fees and costs, and any other

25   relief the Court deems just and proper.  Plaintiffs filed their First Amended Complaint on

26   November 26, 2012.  (ECF No. 21.)

27   ///

28   ///

                                              1

1   Presently before the Court is Defendant Wells Fargo's Motion to Dismiss Plaintiff's First

2   Amended Complaint ("MTD") for failure to state a claim upon which relief may be

3   granted, pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (December 10, 2012, ECF

4   No. 21), and Plaintiff's Request for Judicial Notice ("RJN") (December 10, 2012, ECF

5   No. 22).  For the reasons below, Defendant's Motion to Dismiss is GRANTED with final

6   leave to amend.  Additionally, Defendant's Requests for Judicial Notice of Exhibits A

7   through K is GRANTED.

8

9                                   **BACKGROUND**[2]

10

11       In 2006, Plaintiffs borrowed $268,000 from World Savings Bank, FSB, secured by

12   subject property in Fairfield, California.  The loan was secured by a Deed of Trust

13   ("DOT") in the Solano County Recorder's Office which was recorded on March 22, 2006.

14   The DOT names Golden West Savings Association Savings Co. ("Golden West") as

15   Trustee.  On April 3, 2007, the DOT was securitized and sold to a real estate mortgage

16   investment conduit ("REMIC"), World Savings Bank REMIC, which subsequently

17   became Wells Fargo Bank, N.A.  On December 1, 2011, NDEx West, LLC, ("NDEx")

18   acting as Defendant's agent, recorded a Notice of Default in the Solano County

19   Recorder's office.  On December 27, 2011, a Substitution of Trustee was recorded,

20   naming NDEx as the Trustee under the DOT.  On February 29, 2012, NDEx filed a

21   Notice of Trustee's Sale.  The Trustee's Sale was scheduled for March 27, 2012.

22   ///

23   ///

24   ///

25   ///

26   _____

         [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
27   otherwise noted.

28       [2] The factual assertions in this section are taken from Plaintiff's First Amended Complaint.
     (November 26, 2012, ECF No. 20 at 3-4.)

1

2

**STANDARD**

3         On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

4   allegations of material fact must be accepted as true and construed in the light most

5   favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38

6   (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim

7   showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

8   what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly,

9   550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a

10   complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

11   allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

12   requires more than labels and conclusions, and a formulaic recitation of the elements of

13   a cause of action will not do."  Id.  (internal citations and quotations omitted).  A court is

14   not required to accept as true a "legal conclusion couched as a factual allegation."

15   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

16   "Factual allegations must be enough to raise a right to relief above the speculative level."

17   Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal

18   Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (stating that the pleading must

19   contain something more than "a statement of facts that merely creates a suspicion [of] a

20   legally cognizable right of action")).

21         Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion,

22   of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see

23   how a claimant could satisfy the requirements of providing not only 'fair notice' of the

24   nature of the claim, but also 'grounds' on which the claim rests."  Twombly, 550 U.S. at

25   555 n.3 (internal citations and quotations omitted).  A pleading must contain "only

26   enough facts to state a claim to relief that is plausible on its face."  Id. at 570; see also

27   Iqbal, 556 U.S. at 677-79.

28   ///

1    If the "plaintiffs . . . have not nudged their claims across the line from conceivable to

2    plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570; Iqbal,

3    556 U.S. at 680.

4         A court granting a motion to dismiss a complaint must then decide whether to

5    grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend

6    when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . .

7    undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

8    futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).  Dismissal

9    without leave to amend is proper only if it is clear that "the complaint could not be saved

10   by any amendment." Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir.

11   2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props.,

12   Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted

13   where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

14

15                              **ANALYSIS**

16        **A.    Requests for Judicial Notice**

17

18        On December 10, 2012, Defendant filed a request, ECF No. 22, pursuant to

19   Federal Rule of Evidence 201, that the Court take judicial notice of the following eleven

20   documents: (1) the Adjustable Rate Mortgage Note dated March 9, 2006 (RJN, ECF

21   No. 22, Ex. A); (2) the Deed of Trust dated March 9, 2006, and recorded in the official

22   records of the Solano County Recorder's Office on March 22, 2006, as Document

23   No. 200600035123 (ECF No. 22, Ex. B); (3) the Certificate of Corporate Existence dated

24   April 21, 2006, issued by the Office of Thrift Supervision, Department of Treasury

25   ("OTS") (ECF No. 22, Ex. C); (4) the letter dated November 19, 2007, issued by OTS

26   (ECF No. 22, Ex. D); (5) the charter of Wachovia Mortgage, FSB, dated December 31,

27   2007, and signed by OTS (ECF No. 22, Ex. E);

28   ///

                                      4

1  (6) the Official Certification of the Comptroller of the Currency ("OCC") stating that

2  effective November 1, 2009, Wachovia Mortgage, FSB, converted to Wells Fargo Bank

3  Southwest, N.A., which then merged with and into Wells Fargo, N.A.  (ECF No. 22, Ex.

4  F); (7) a printout from the website of the Federal Deposit Insurance Corporation, Inc.,

5  ("FDIC") dated December 15, 2010, showing the history of Wachovia Mortgage, FSB

6  (ECF No. 22, Ex. G); (8) the Notice of Default and Election to Sell Under Deed of Trust

7  dated November 29, 2011, and recorded in the official records of the SCRO on

8  December 1, 2011, as Document No. 201100108442  (ECF No. 22, Ex. H); (9) the

9  Substitution of Trustee dated December 15, 2011, and recorded in the official records of

10  the Solano County Recorder's Office on December 27, 2011, as Document No.

11  201100116137 (ECF No. 22, Ex. I); (10) the Notice of Trustee Sale dated February 27,

12  2012, and recorded in the official records of the Solano County Recorder's Office on

13  February 29, 2012, as Document No. 201200018434 (ECF No. 22, Ex. J); and (11) the

14  Trustee's Deed Upon Sale dated August 31, 2012, and recorded in the official records of

15  the Solano County Recorder's Office on September 5, 2012 (ECF No. 22, Ex. K).

16         Upon a properly supported request by a party, a federal court may take judicial

17  notice of adjudicative facts.  Fed. R. Evid. 201(a), (d).  Facts subject to judicial notice are

18  those which are either "(1) generally known within the territorial jurisdiction of the trial

19  court or (2) capable of accurate and ready determination by resort to sources whose

20  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may not take

21  judicial notice of a matter that is in dispute.  Lee v. City of Los Angeles, 250 F.3d 668,

22  690 (9th Cir. 2001).  The party requesting judicial notice bears the burden of persuading

23  the court that the particular fact is not reasonably subject to dispute and is capable of

24  immediate and accurate determination by resort to a source "whose accuracy cannot

25  reasonably be questioned."  In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781 (E.D.

26  Cal. 1992).

27  ///

28  ///

1        Defendant asks the Court to take judicial notice of Exhibit A, the Adjustable Rate

2  Note that was executed by Plaintiffs.  Because this document is a matter of public

3  record, the Court grants this request.  Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 408

4  (N.D. Cal. 2009).  Judicial notice is likewise appropriate for Exhibits B, H, I, J and K,

5  because these documents are true and correct copies of official public records of the

6  Solano County Recorder's Office, whose authenticity is capable of accurate and ready

7  determination by resort to sources whose accuracy cannot reasonably be questioned.

8  See Fed. R. Evid. 201(b); Cachil Dehe Band of Wintun Indians of Colusa Indian

9  Comm. v. Cal., 547 F.3d 962, 969 n.4 (9th Cir. 2008).

10        Defendant also requests judicial notice of records of the Office of Thrift

11  Supervision, including copies of (1) the certificate of corporate existence of World

12  Savings Bank, FSB; (2) a letter from OTS reflecting the name change from World

13  Savings Bank, FSB, to Wachovia Mortgage, FSB; (3) Wachovia Mortgage's charter; and

14  (4) certification that Wachovia Mortgage, FSB converted to Wells Fargo Bank

15  Southwest, N.A., which then merged with and into Wells Fargo, N.A. (RJN, ECF No. 22,

16  Ex. C-F.)  These government records and public documents are not subject to

17  reasonable dispute, and accordingly Defendant's request for judicial notice is granted as

18  to these documents.  See Lopez v. Wachovia Mortg., No. C 10–01645, 2010 WL

19  2836823, at *2 (N.D. Cal. 2010) (taking judicial notice of nearly identical documents);

20  Hite v. Wachovia Mortgage, 2010 U.S. Dist. LEXIS 57732, *6-9 (E.D. Cal. June 10,

21  2010) (taking judicial notice of similar documents); Ibarra v. Loan City, 09-CV-02228-IEG

22  (POR), 2010 WL 415284, at *3 (S.D. Cal. Jan. 27, 2010) (finding judicial notice of

23  documents related to defendant's status as an operating subsidiary of a federal savings

24  association proper); see also Gens v. Wachovia Mortgage Corp., No. CV10-01073 JF

25  (HRL), 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a

26  letter issued by OTS confirming World Savings' request to change its name to

27  Wachovia); Biggins, 2009 WL 2246199, at *4 (taking judicial notice of an order from

28  OTS).

1    Defendant has also submitted a printout from the website of the FDIC, and has

2    requested the Court take judicial notice of the document.  (RJN, ECF No. 22, Ex. G.)

3    The Court finds the printout is a matter of public record, provided by a government

4    agency for public review, and accordingly takes judicial notice of Exhibit G to

5    Defendant's Request for Judicial Notice pursuant to Federal Rule of Evidence 201.

6    These judicially-noticed facts show that at the time Plaintiff signed his loan with WSB,

7    that institution was regulated by the OTS, and later changed its name to Wachovia

8    Mortgage, FSB, remaining under the regulatory power of the OTS, and therefore subject

9    to HOLA.  See Curcio v. Wachovia Mortg. Corp., 09-CV-1498-IE (NLS), 2009 WL

10   3320499 (S.D. Cal. Oct. 14, 2009) (taking judicial notice of the same FDIC website

11   page).

12

13        **B.    Wrongful Disclosure**

14

15    Plaintiffs' first cause of action alleges that Defendant lacked the legal power to

16   foreclose Plaintiffs' property because under the Deed of Trust, Defendant was not the

17   true beneficiary and therefore is not the owner of the beneficial interest.  (ECF No. 20 at

18   4-5.)  Plaintiffs also contend that because Defendant was not the owner of the beneficial

19   interest in the Deed of Trust, Defendant did not have the power of sale, and thus violated

20   California Civil Code section 2923.5.  (Id. at 5-6.)

21        To state a cause of action for wrongful disclosure, Plaintiffs must plead

22            (1) the trustee or mortgagee cause an illegal, fraudulent, or
             willfully oppressive sale of real property pursuant to a power
23            of sale in a mortgage or Deed of Trust;

24            (2) the party attacking the sale (usually but not always the
             trustor or mortgagor) was prejudiced or harmed; and
25

26            (3) in cases where the trustor or mortgagor challenges the
             sale, the trustor or mortgagor tendered the amount of the
             secured indebtedness or was excused from tendering.
27

28   ///

1    Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011).  In California, only

2    the trustee, mortgagee, beneficiary, or an authorized agent may record a Notice of

3    Default.  Cal. Civ. Code § 2924(a)(1).  The Notice of Default must identify the mortgage

4    or Deed of Trust, the instrument number where the Deed of Trust is recorded, must

5    inform the borrower of his breach of the obligation, and notify the borrower of the

6    election to sell the property to satisfy the obligation.  Id.

7         Plaintiffs' argument that Defendant lacked the legal power to foreclose their

8    property is meritless.  In California, if a deed of trust contains a power of sale clause, the

9    owner of the beneficial interest may initiate non-judicial foreclosure proceedings.  Cal.

10   Civ. Code § 2924; Rosenfelt v. JP Morgan Chase Bank, N.A., 732 F. Supp. 2d 952, 963

11   (E.D. Cal. 2010).  In this case, the Deed of Trust contains a power of sale clause which

12   states: "[i]f there is a breach of duty by [Borrower], Lender may exercise the power of

13   sale, take action to have the Property sold under applicable law . . . ."  (RJN, ECF No. 22

14   at Ex. B.)  Further, the Notice of Default complies with California Civil Code section 2924

15   as it identifies NDEx as the Trustee, provides the instrument number, informs Plaintiffs of

16   the amount that is past due, and provides notification of the election to sell.  (Id. at

17   Ex. H.)

18        Plaintiffs also argue that Defendant lacked the legal power to foreclose the

19   property because the Substitution of Trustee is invalid.  Under California Civil Code

20   section 2934a(b), recordation of the substitution of trustee after a notice of default is

21   permissible when that recordation occurs prior to the notice of sale.  Contrary to

22   Plaintiffs' assertions, Defendant possessed legal power to foreclose on Plaintiffs'

23   property under the Deed of Trust.  As Defendant points out, judicially noticeable

24   documents reveal that the original lender, World Savings Bank, FSB, simply changed its

25   name to Wachovia Mortgage, FSB, and is now a division of Wells Fargo Bank, N.A.

26   Therefore, transfers among those entities were proper.  Other courts have

27   acknowledged this specific transition in the context of determining a beneficiary's legal

28   power to foreclose.

1  See, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D. Cal.

2  2010) (noting that World Savings Bank, FSB, changed its name to Wachovia Mortgage,

3  FSB, and is now a division of Wells Fargo Bank, N.A., making transfers among those

4  entities proper); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1121 (N.D.

5  Cal. 2010) (noting that World Savings changed its name to Wachovia Mortgage, FSB,

6  and then merged into Wells Fargo Bank, N.A.).

7          Additionally, the transfer amongst the entities complied with the timing

8  requirements of California Civil Code section 2934a.  The Notice of Default was recorded

9  on December 1, 2011.  (RJN, ECF No. 22 at Ex. H.)  The Substitution was executed on

10  December 15, 2011, mailed to Plaintiffs on December 21, 2011, and recorded on

11  December 27, 2011.  (RJN, ECF No. 22 at Ex. I.)  The notice of Trustee's sale was then

12  recorded on February 29, 2012 (RJN, ECF No. 22 at Ex. J), satisfying the requirements

13  of section 2934a.  Thus, Defendant did, in fact, have a clear right to conduct foreclosure

14  proceedings with respect to Plaintiffs' property.

15          Plaintiffs also allege that Plaintiffs' Deed of Trust was securitized and sold to a

16  REMIC and reserved for itself only the servicing rights to Plaintiffs' loan.  However,

17  courts routinely reject claims that the alleged "securitization" of a loan divests the lender

18  of standing to initiate foreclosure proceedings.  See, e.g., Frazier v. Aegis Wholesale

19  Corp., C-11-4850 EMC, 2011 WL 6303391 (N.D. Cal. Dec. 16, 2011) ("Plaintiffs seem to

20  argue that the only persons who would have authority to foreclose are the certificate

21  holders of the securitized trust . . . .  Courts, however, have typically rejected such

22  arguments."); Marty v. Wells Fargo Bank, CIV S-10-0555 GEB, 2011 WL 1103405 (E.D.

23  Cal. Mar. 22, 2011)

24  ///

25  ///

26  ///

27  ///

28  ///

1  ("This claim is frivolous, has no support in the law, and should be dismissed with

2  prejudice."); Jones v. Countrywide Homeloan, CV F 11-0405 AWI JLT, 2011 WL

3  2462845 (E.D. Cal. June 17, 2011) (noting that "it does not follow that any of the other

4  entitlements of the lender of the Deeds of Trust, including the power to declare default,

5  are transferred or lost because of the transfer or sale of the cash flow due from the

6  mortgage [in securitization]."). As such, Plaintiffs fail to state a securitization claim upon

7  which relief may be granted.

8       Plaintiffs further contend that Defendant violated California Civil Code section

9  2923.5 because Defendant did not have the power of sale, as it was not the owner of the

10 beneficial interest in the Deed of Trust. Section 2932.5 states:

11          Where a power to sell real property is given to a mortgagee,
            or other encumbrancer, in an instrument intended to secure
12          the payment of money, the power is part of the security and
            vests in any person who by assignment becomes entitled to
13          payment of the money secured by the instrument. The power
            of sale may be exercised by the assignee if the assignment is
14          duly acknowledged and recorded.

15 Cal. Civ. Code § 2932.5. However, the statute applies only to a mortgage and not a

16 deed of trust. Calvo v. HSBC Bank USA N.A., 199 Cal. App. 4th 118, 122 (Cal. Ct. App.

17 2011). Because Plaintiffs' claim is based on the Deed of Trust, as a matter of law, they

18 cannot base their wrongful foreclosure claim on failure to comply with statutory

19 requirements that apply only to mortgages.

20      Finally, in California, a full tender must be made to set aside a foreclosure sale.

21 Stebley v. Litton Loan Servicing, 202 Cal. App. 4th 522, 526 (Cal. Ct. App. 2011).

22 Plaintiffs do not allege any facts showing that they made any efforts to make a full tender

23 of the reinstatement amount for the property.

24      Accordingly, Plaintiffs have failed to state a claim upon which relief may be

25 granted as to this cause of action. As such, Defendant's motion to dismiss Plaintiffs' first

26 cause of action is granted.

27 ///

28 ///

1

2

**C.     Slander of Title**

3        Plaintiffs contend that the December 1, 2011, Notice of Default is false because

4    NDEX was not the authorized beneficial interest holder of Plaintiffs' Deed of Trust due to

5    the unrecorded sale and securitization in 2006.  (ECF No. 20 at 7-8.)  Plaintiffs further

6    contend that NDEX's action in recording the Notice of Trustee's Sale caused doubt to be

7    placed on Plaintiffs' title to the property such that it directly impaired their ability to sell

8    the property and caused them to retain attorneys.  (Id. at 13.)

9        Slander of title requires (1) publication; (2) falsity; (3) absence of privilege;

10   (4) disparagement of another's land which is relied upon by a third party and which

11   results in (5) pecuniary loss.  Gudger v. Manton, 21 Cal. 2d 537, 541 (1943), overruled

12   on another ground in Albertson v. Raboff, 46 Cal. 2d 375, 381 (1956).  Any statutorily

13   required mailings, publication, and delivery of notices in connection with a non-judicial

14   foreclosure, and the performance of any statutory procedures by a trustee and

15   beneficiary, are "privileged communications under the qualified, common-interest

16   privilege of [Civil Code] Section 47, subdivision (c)(1)."  Kachlon v. Markowitz, 168 Cal.

17   App. 4th 316, 333 (Cal. Ct. App. 2008).

18        As such, Defendant is protected by a qualified privilege when it publishes and

19   delivers any notices in the foreclosure of a property, and in performing any statutory

20   foreclosure procedures.  To defeat Defendant's privilege, Plaintiffs' pleadings must

21   contain affirmative allegations of malice.  See Smith v. Hatch, 271 Cal. App. 2d 39, 47

22   (Cal. Ct. App. 1969).  Actual malice exists when "the publication was motivated by hatred

23   or ill will towards the plaintiff or by a showing that the defendant lacked reasonable

24   grounds for belief in the truth of the publication and therefore acted in reckless disregard

25   of the plaintiff's rights."  Kachlon, 168 Cal. App. 4th at 336 (Cal. Ct. App. 2008) (citing

26   Sanborn v. Chronicle Pub. Co., 18 Cal.3d 406, 413 (1976)).

27   ///

28   ///

1    Here, Plaintiffs present no evidence beyond conclusory statements to indicate

2    Defendant acted with malice.  (See, e.g., ECF No. 20 at 10 (stating that Defendant

3    "recorded false documents . . . with malice knowing that the Substitution of Trustee . . .

4    was fabricated . . . and knowing that neither NDEX nor Wells Fargo had the power of

5    sale recorded in the public chain of title, with callous disregard of the rights of Plaintiffs

6    and their interest in the Subject Property.").)  Therefore, Plaintiffs have failed to

7    demonstrate that Defendant did not have a qualified privilege to publish and deliver

8    foreclosure notices.

9        Additionally, Plaintiffs are in default under the Deed of Trust.  (RJN, ECF No. 22

10   at Ex. H.)  Even if the Notice of Default and Notice of Sale contained false or mistaken

11   information concerning the identity of the beneficiary, the recordation of these

12   documents could not have damaged the Plaintiffs.  Moreover, Plaintiffs have failed to

13   allege any fact, other than their allegation that the Substitution of Trustee was invalid, in

14   support of this claim.  Finally, Plaintiffs fail to allege facts showing that Plaintiffs have

15   suffered damages from slander of title resulting from the recordation of the Notice of

16   Sale.  Defendant's Motion to Dismiss is therefore granted as to this claim.

17

18       **D.    California Civil Code section 2923.5**

19

20       Plaintiffs next contend that Defendant violated California Civil Code section

21   2923.5 by failing to contact them in person or by telephone at least thirty days prior to

22   filing the Notice of Default on December 1, 2011.  (ECF No. 20 at 13-14.)  Plaintiffs

23   contend that the Notice of Default fails to state Defendant attempted to contact Plaintiffs

24   with due diligence, as required by the statute, and that Plaintiffs were never contacted;

25   therefore, the Notice of Default and the Notice of Trustee's Sale are invalid.

26       In response, Defendant argues that section 2923.5 does not apply to Plaintiffs'

27   loan at all because the statute only governs loans which are secured by "owner-

28   occupied residential real property," and Plaintiffs did not occupy the property.

1    (ECF No. 21 at 10-11.)  Defendant further contends that it complied with the statute and

2    that the statute does not impose a binding obligation on lenders.  (Id. at 11-12.)

3         Section 2923.5 requires all mortgagees, trustees, beneficiaries and authorized

4    agents that seek non-judicial foreclosure of loans to make diligent efforts to "contact the

5    borrower . . . in order to assess the borrower's financial situation and explore options for

6    the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a).  The law further requires

7    that applicable notices of default include a declaration that "the mortgagee, beneficiary,

8    or authorized agent has contacted the borrower, has tried with due diligence to contact

9    the borrower as required by this section, or that no contact was required pursuant to

10    subdivision (h)."  Id. § 2923.5(b).  While this statute provides no right of action, no party

11    has rights under this statute until a notice of default has been filed.  See id.  Further, this

12    statute applies only to "mortgages or deeds of trust recorded from January 1, 2003, to

13    December 31, 2007, inclusive, that are secured by owner-occupied residential real

14    property containing no more than four dwelling units.  For purposes of this subdivision,

15    'owner-occupied' means that the residence is the principal residence of the borrower as

16    indicated to the lender in loan documents."  Id. § 2923.5(i).

17         In this case, the statute does not apply, because according to the Deed of Trust,

18    the property was not "owner-occupied" as required by the statute.  (RJN, ECF No. 22,

19    Ex. B at 24.)  Therefore, Defendant's Motion to Dismiss Plaintiff's section 2923.5 claim is

20    granted.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1

      **E.**    **California's Unfair Competition Law**

2

3           Plaintiffs' fourth cause of action alleges that Defendant violated California's Unfair

4  Competition Law ("UCL").  (ECF No. 20 at 16.)  The UCL defines unfair competition as

5  "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code

6  §§ 17200-17210.  This section establishes a private right of action to remedy such unfair

7  competition.  See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th

8  Cir. 2007).

9           Section 17200 establishes three separate varieties of unfair competition: acts or

10  practices which are unlawful, or unfair, or fraudulent.  Cal-Tech Commc'ns., Inc. v. L.A.

11  Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  In proscribing "unlawful business

12  practices, section 17200 'borrows' violations of other laws and treats them as unlawful

13  practices that [section 17200] makes independently actionable."  Durrell v. Sharp

14  Healthcare, 108 Cal. App. 4th 1350, 1361 (2010).  Thus, "unlawful" practices are

15  practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory,

16  regulation, or court-made."  Saunders v. Sup. Ct., 27 Cal. App. 4th 832, 838-39 (1994)

17  (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)).  To state a cause of action based

18  on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts

19  sufficient to show a violation of some underlying law.  McKale, 25 Cal. 3d at 635.

20           A business act or practice is "unfair" when the conduct "offends an established

21  public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or

22  substantially injurious to consumers."  S. Bay Chevrolet v. Gen. Motors Acceptance

23  Corp., 72 Cal. App. 4th 861, 886-87 (1999).  To sufficiently plead an action based on an

24  "unfair" business act or practice, a plaintiff must allege facts showing the "unfair" nature

25  of the conduct and that the harm caused by the conduct outweighs any benefits that the

26  conduct may have.  Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980).

27  Such a claim requires a plaintiff to tether its allegation to a constitutional or statutory

28  provision or regulation carrying out such a statutory policy.

1    See Ferrington v. McAfee, Inc., No. 10-cv-01455-LHK, 2010 WL 3910169, at *11-13

2    (N.D. Cal. Oct. 5, 2010) (citing Lozano v. AT&T Wireless Servs., 504 F.3d 718 (9th Cir.

3    2007) (discussing the use of the tethering test in California courts and the Ninth Circuit)).

4    Furthermore, a plaintiff alleging unfair business practices under section 17200 "must

5    state with reasonable particularity the facts supporting the statutory elements of the

6    violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

7         A claim for fraudulent business acts under section 17200 is distinct from a

8    common law fraud claim. Under section 17200, a plaintiff need not show reliance in

9    order to state a claim for fraudulent business acts. Klein v. Earth Elements, 59 Cal. App.

10    4th 965, 970 (1997). A plaintiff need only allege that the public is likely to be deceived

11    by the alleged business acts. Id. However, all claims alleging fraudulent business

12    practices under section 17200 are subject to the heightened pleading standard of Rule

13    9(b). See supra.

14        In this case, Plaintiffs allege that Defendant engaged in business practices that

15    were unfair, unlawful, or fraudulent because Defendants violated California Civil Code

16    section 2923.5. However, Plaintiffs have failed to successfully state a cause of action

17    pursuant to section 2923.5. See supra. Because that claim fails, as set forth above,

18    Plaintiffs' section 17200 claim must also fail. Defendant's motion to dismiss Plaintiffs'

19    section 17200 claim is therefore granted.

20

21        **F.    HOLA Preemption**

22

23        Defendant finally contends that all of Plaintiffs' claims are preempted by the Home

24    Owners' Loan Act ("HOLA"), 12 U.S.C. § 1451, and its regulations. (ECF No. 21 at

25    14-18.) Federal law preempts state law "when federal regulation in a particular field is so

26    pervasive as to make reasonable the inference that Congress left no room for the States

27    to supplement it." Bank of Am. v. City of S.F., 309 F.3d 551, 558 (9th Cir. 2002).

28    ///

1  Through HOLA, the OTS is authorized "to promulgate regulations that preempt state

2  laws affecting the operations of federal savings associations." 12 C.F.R. § 560.2(a).

3  However, HOLA preemption of state laws affecting federal savings associations is not

4  absolute, as state laws that "only incidentally affect the lending operations of Federal

5  savings associations" are not preempted. Id. § 560.2(c). Claims based on misconduct

6  relating to foreclosure proceedings have been found to be governed by HOLA such that

7  any state law claims are preempted. See De Leon, 729 F. Supp. 2d at 1126; Stefan v.

8  Wachovia, No. C 09-2252 SBA, 2009 WL 4730904, at *2 (N.D. Cal. Dec. 7, 2009).

9       In this case, California Civil Code sections 2924 and 2923.5 regulate Defendant's

10  ability to participate and service its mortgages. Additionally, Plaintiffs' UCL claim is

11  predicated on Plaintiffs' claim that Defendant violated California Civil Code section

12  2923.5. Because these claims are based on misconduct relating to foreclosure

13  proceedings, they are governed by HOLA and thus preempted. As such, these claims

14  are also dismissed on the ground that they are preempted.

15

16                               **CONCLUSION**

17

18       As a matter of law and for the reasons set forth above, Requests for Judicial

19  Notice of Exhibits A-K are GRANTED. Defendant's Motion to Dismiss Plaintiffs' First

20  Amended Complaint is also GRANTED with final leave to amend. Plaintiffs shall file any

21  amended complaint within twenty (20) days of the date this Order is filed electronically.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

If no amended complaint is filed within said twenty (20)-day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  March 8, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

17