UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ISMAIL, et al., | No. 2:12-cv-01653-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On May 8, 2013, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). (ECF No. 36.) The Order stated, in relevant part:

> Pursuant to Federal Rule of Civil Procedure 12(h)(3), if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. For purposes of diversity jurisdiction, national banking associations, such as Defendant Wells Fargo Bank, N.A., are "citizens of the States in which they are respectively located." 28 U.S.C. § 1348. This Court has recently adopted the reasoning and conclusions set forth in Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093 (2012), and held that Wells Fargo is a citizen of South Dakota based on the location of its main office, and is also a citizen of California pursuant to the "principal place of business" test. See Adams v. Wells Fargo Bank, N.A., No. 2:13-cv-00256-MCE-KJN, ECF No. 20 (E.D. Cal. May 7, 2013). Since Plaintiffs and Defendant Wells Fargo are both citizens of California, the Court does not have diversity jurisdiction over this action. Accordingly, Plaintiffs are hereby directed to show cause on May 30, 2013 at 2

p.m., in Courtroom 7, why this action should not be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3). Plaintiffs are further ordered to file a memorandum with the Court not later than May 16, 2013 explaining why this Court has subject-matter jurisdiction over this case. Defendants may, but are not required to, file a response within five (5) days after Plaintiffs file their memorandum. The parties' memoranda are not to exceed seven (7) pages.

Plaintiffs filed a memorandum with the Court on May 17, 2013. (ECF No. 37.) Although Plaintiffs' memorandum is untimely, the Court has nonetheless considered it. The Court finds that subject matter jurisdiction is lacking, as Plaintiffs and Defendant Wells Fargo are both citizens of California. See Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093 (2012); Adams v. Wells Fargo Bank, N.A., No. 2:13-cv-00256-MCE-KJN, ECF No. 20 (E.D. Cal. May 7, 2013). Accordingly, this case is hereby DISMISSED for lack of subject matter jurisdiction, pursuant to 12(h)(3).[1]

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: May 28, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because oral argument on the Order to Show Cause would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local R. 230(g).