1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   MOHAMMED ISMAIL and NAZLEEN          No.  2:12-cv-01653-MCE-CKD
     F. ISMAIL,
12
                    Plaintiffs,
13                                        **MEMORANDUM AND ORDER**
            v.
14
     WELLS FARGO BANK, N.A., et al.,
15
                    Defendants.
16

17

18         Plaintiffs Mohammed Ismail and Nazleen Ismail ("Plaintiffs") seek redress from

19   Defendants Wells Fargo Bank, N.A. ("Defendant"), and NDEX West, LLC, related to

20   foreclosure proceedings instituted against Plaintiffs' real property.  Plaintiffs' lawsuit

21   generally challenges the securitization of their loan, which was secured by the real

22   property at issue.  Specifically, Plaintiffs raise the following claims: (1) breach of express

23   agreements; (2) breach of implied agreements; (3) slander of title; (4) wrongful

24   foreclosure in violation of California Civil Code section 2924; (5) violation of California

25   Civil Code section 2923.5; (6) unfair business practices in violation of California

26   Business and Professions Code section 17200; (7) violations of the Truth In Lending Act,

27   15 U.S.C. § 1601, et seq., (8) violation of 18 U.S.C. § 1962; and (9) common count for

28   money had and received.  (ECF No. 28.)

1

1   On May 8, 2013, the Court issued an Order to Show Cause why this case should

2   not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

3   Procedure 12(h)(3).[1]  (ECF No. 36).  The Order stated, in relevant part:

4
> Pursuant to Federal Rule of Civil Procedure 12(h)(3), if the
> court determines at any time that it lacks subject-matter
5   > jurisdiction, the court must dismiss the action. For purposes
> of diversity jurisdiction, national banking associations, such
6   > as Defendant Wells Fargo Bank, N.A., are "citizens of the
> States in which they are respectively located." 28 U.S.C.
7   > § 1348.  This Court has recently adopted the reasoning and
> conclusions set forth in Taheny v. Wells Fargo Bank, N.A.,
8   > 878 F. Supp. 2d 1093 (2012), and held that Wells Fargo is a
> citizen of South Dakota based on the location of its main
9   > office, and is also a citizen of California pursuant to the
> "principal place of business" test.  See Adams v. Wells Fargo
10  > Bank, N.A., No. 2:13-cv-00256-MCE-KJN, ECF No. 20 (E.D.
> Cal. May 7, 2013).  Since Plaintiffs and Defendant Wells
11  > Fargo are both citizens of California, the Court does not have
> diversity jurisdiction over this action.  Accordingly, Plaintiffs
12  > are hereby directed to show cause on May 30, 2013 at
> 2 p.m., in Courtroom 7, why this action should not be
13  > dismissed for lack of subject-matter jurisdiction pursuant to
> Rule 12(h)(3).   Plaintiffs are further ordered to file a
14  > memorandum with the Court not later than May 16, 2013
> explaining why this Court has subject-matter jurisdiction over
15  > this case. Defendants may, but are not required to, file a
> response within five (5) days after Plaintiffs file their
16  > memorandum.

17  (ECF No. 36.)  Plaintiffs filed their response to the Order to Show Cause on May 17,

18  2013.  (ECF No. 37.)  Defendant Wells Fargo responded to the Order to Show Cause on

19  May 22, 2013.  On May 30, 2013, the Court issued an order dismissing the case for lack

20  of subject matter jurisdiction, on the grounds that Defendant Wells Fargo and Plaintiffs

21  are both citizens of California, and thus diversity jurisdiction was not a proper ground for

22  subject matter jurisdiction.  (ECF No. 44 at 2.)

23  Presently before the Court is Defendant Wells Fargo Bank's Motion for

24  Reconsideration of the Court's Order dismissing the action, pursuant to Federal Rule of

25  Civil Procedure 59(e).  (ECF No. 46.)  Also before the Court is Defendant Wells Fargo's

26  Motion for Attorneys' Fees (ECF No. 47.)

27  _____

28  [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted,

1    For the reasons set forth below, the Motion for Reconsideration is GRANTED, and the

2    Motion for Attorneys' Fees is DENIED.

3         The Court's decision to grant Defendant Wells Fargo's Motion for Reconsideration

4    requires the Court to consider Defendant Wells Fargo's Motion to Dismiss Plaintiffs'

5    Second Amended Complaint, which the Court did not rule on before dismissing the case.

6    (ECF No. 29.)  For the reasons set forth below, Defendant's Motion to Dismiss is

7    GRANTED.[2]

8

9                                    **BACKGROUND[3]**

10

11        In 2006, Plaintiffs borrowed $268,000 from World Savings Bank, FSB, secured by

12   subject property in Fairfield, California.  The loan was secured by a Deed of Trust

13   ("DOT") in the Solano County Recorder's Office, which was recorded on March 22, 2006.

14   The DOT names Golden West Savings Association Savings Co. ("Golden West") as

15   Trustee.  On April 3, 2007, the DOT was securitized and sold to a real estate mortgage

16   investment conduit ("REMIC"), World Savings Bank REMIC, which subsequently

17   became Wells Fargo Bank, N.A.  On December 1, 2011, NDEx West, LLC, ("NDEx")

18   acting as Defendant's agent, recorded a Notice of Default in the Solano County

19   Recorder's office.  On December 27, 2011, a Substitution of Trustee was recorded,

20   naming NDEx as the Trustee under the DOT.  On February 29, 2012, NDEx filed a

21   Notice of Trustee's Sale.  The Trustee's Sale was scheduled for March 27, 2012.

22   ///

23   ///

24   ///

25   ///

26        [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
     on the briefs.  E.D. Cal. Local R. 230(g).
27

28        [3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Second Amended
     Complaint.  (ECF No. 28.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STANDARD**

**A.      Motion for Reconsideration**

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion.

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).

///

4

1    Indeed, a district court should not grant a motion for reconsideration "absent highly

2    unusual circumstances, unless the district court is presented with newly discovered

3    evidence, committed clear error, or if there is an intervening change in the controlling

4    law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing

5    School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Mere

6    dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not

7    grounds for relief under Rule 59(e).  Twentieth Century-Fox Film Corp. v. Dunnahoo,

8    637 F.2d 1338, 1341 (9th Cir. 1981).

9        Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration

10   to show the "new or different facts or circumstances claimed to exist which did not exist

11   or were not shown upon such prior motion, or what other grounds exist for the motion."

12   Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the

13   sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d

14   1058, 1063 (9th Cir. 2003).

15       In order to succeed, a party making a motion for reconsideration pursuant to Rule

16   59(e) must "set forth facts or law of a strongly convincing nature to induce the court to

17   reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL

18   2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of

19   Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

20   other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be

21   used to raise arguments or present evidence for the first time when the arguments or

22   evidence could reasonably have been raised earlier in the litigation.  389 Orange St.

23   Partners, 179 F.3d at 665.

24       Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for

25   amendment are restricted to either repetitive contentions of matters which were before

26   the court on its prior consideration or contentions which might have been raised prior to

27   the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal.

28   1991); see also Taylor, 871 F.2d at 805.

1   This position stems from the district courts' "concerns for preserving dwindling resources

2   and promoting judicial efficiency."  Costello, 765 F. Supp. at 1009 (internal citations

3   omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give

4   an unhappy litigant one additional change to sway the judge."  Frito-Lay of P.R., Inc. v.

5   Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226,

6   233 (N.D. Ohio 1967)).

7

8       **B.      Motion to Dismiss**

9

10      On a motion to dismiss for failure to state a claim under Federal Rule of Civil

11  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

12  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

13  Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

14  statement of the claim showing that the pleader is entitled to relief" in order to "give the

15  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

16  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

17  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

18  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

19  his entitlement to relief requires more than labels and conclusions, and a formulaic

20  recitation of the elements of a cause of action will not do."  Id. (internal citations and

21  quotations omitted).  A court is not required to accept as true a "legal conclusion

22  couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

23  (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a

24  right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles

25  Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

26  (stating that the pleading must contain something more than "a statement of facts that

27  merely creates a suspicion [of] a legally cognizable right of action.")).

28  ///

6

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

2    assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and

3    quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard

4    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

5    the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

6    Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough

7    facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . .

8    have not nudged their claims across the line from conceivable to plausible, their

9    complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed

10   even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

11   recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

12   232, 236 (1974)).

13   A court granting a motion to dismiss a complaint must then decide whether to

14   grant leave to amend. Leave to amend should be "freely given" where there is no

15   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

16   to the opposing party by virtue of allowance of the amendment, [or] futility of the

17   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

18   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

19   be considered when deciding whether to grant leave to amend). Not all of these factors

20   merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

21   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

22   185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

23   "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

24   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

25   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

26   1989) ("Leave need not be granted where the amendment of the complaint . . .

27   constitutes an exercise in futility . . . .")).

28   ///

1

**ANALYSIS**

2

3

A.      **Motion for Reconsideration**

4

5        In this case, Defendant Wells Fargo contends that the Second Amended

6   Complaint contains two federal claims, and thus the Court maintained subject matter

7   jurisdiction of the case based on federal question jurisdiction pursuant to 28 U.S.C.

8   § 1331.  The Second Amended Complaint was filed on March 8, 2013, and contains two

9   federal claims:  the seventh cause of action, which alleges violations of the Truth in

10  Lending Act, and the eighth cause of action, which alleges RICO violations.  Given that

11  the Second Amended Complaint was filed before the Court issued either the Order to

12  Show Cause (ECF No. 36) or the Order Dismissing the Case (ECF No. 44), Defendant

13  Wells Fargo is correct that federal question jurisdiction existed at the time that the Court

14  dismissed the case, and the Court entered judgment in this case in error.

15       Defendant Wells Fargo has therefore presented evidence that the district court

16  "committed clear error" in entering judgment in this case, 389 Orange St. Partners,

17  179 F.3d at 665, and has successfully "set forth . . . law of a strongly convincing nature

18  to induce the court to reverse its prior decision." Pritchen, 2011 WL 2115647, at *1

19  (citing Kern-Tulare Water Dist., 634 F. Supp. at 665).  However, the Court reverses only

20  its conclusion that it lacks subject matter jurisdiction, as it is clear that federal question

21  jurisdiction existed.  The Court does not reverse its finding that it lacks diversity

22  jurisdiction over this action.  As set forth in the Court's Order to Show Cause and Order

23  Dismissing the Action, Wells Fargo and Plaintiffs are not of diverse citizenship, as both

24  parties are citizens of California for purposes of establishing diversity.  See Taheny v.

25  Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093 (2012).  Accordingly, Defendant Wells

26  Fargo's Motion for Reconsideration is GRANTED.

27  ///

28  ///

8

1    **B.    Motion to Dismiss**

2

3         Having granted Defendant Wells Fargo's Motion for Reconsideration, the Court

4    must now consider Defendant Wells Fargo's Motion to Dismiss Plaintiffs' Second

5    Amended Complaint.  (ECF No. 29.)  Defendant Wells Fargo moves to dismiss each of

6    Plaintiffs' causes of action for failure to state a claim upon which relief can be granted.

7

8         **1.    TILA Claim**

9

10         Plaintiffs allege that Defendant Wells Fargo violated the Truth in Lending Act

11   ("TILA") by failing to provide Plaintiffs with accurate material disclosures.  (ECF No. 28 at

12   25.)

13         "TILA protects consumers from fraud, deception, and abuse within the residential

14   secured lending marketplace by mandating that lenders disclose certain information to

15   borrowers."  McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1327 (9th Cir.

16   2012).  TILA "requires creditors to provide borrowers with clear and accurate disclosures

17   of terms dealing with things like finance charges, annual percentage rates of interest,

18   and the borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).  The

19   failure to satisfy TILA's requirements subjects a lender to "statutory and actual damages

20   [that are] traceable to a lender's failure to make the requisite disclosures."  Id. (citing

21   15 U.S.C. § 1640).

22         There is a one year statute of limitations period in which to file an action for such

23   damages.  See 15 U.S.C. § 1640(e) ("Any action under this section may be brought in

24   any United States district court . . . within one year from the date of occurrence of the

25   violation."); Beach, 523 U.S. at 412.

26   ///

27   ///

28   ///

1   TILA's one-year limitations period "runs from the date of consummation of the
2   transaction but . . . the doctrine of equitable tolling may, in the appropriate
3   circumstances, suspend the limitations period until the borrower discovers or had
4   reasonable opportunity to discover the fraud or non-disclosures that form the basis of the
5   TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Cervantes v.
6   Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2012).  "Consummation"
7   is defined as "the time that a consumer becomes contractually obligated on a credit
8   transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d
9   1007, 1009 (9th Cir. 2003).  That is, a lender's failure to make required disclosures
10  occurs, if at all, at the time the loan documents are signed.  See Cervantes, 656 F.3d at
11  1045; Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).

12          Here, Plaintiffs' loan closed on March 22, 2006.  (ECF No. 28 at 3.)  Thus, the
13  TILA statute of limitations was triggered on that date, as Plaintiffs could have discovered
14  the alleged disclosure violations and discrepancies at that time.  See 15 U.S.C.
15  § 1640(e); Cervantes, 656 F.3d at 1045.  The statute of limitations expired on March 22,
16  2007.  Plaintiffs did not bring suit until June 21, 2012—over five years too late.

17          Plaintiffs also allege that they are entitled to rescind their loan under TILA.  (ECF
18  No. 28 at 25.)  TILA provides that a consumer may elect to cancel their residential
19  mortgage loan within three days of either the consummation of the transaction or
20  delivery of required disclosures and rescission forms, whichever is later.  15 U.S.C.
21  § 1635(a).  If the required disclosures are not provided, then the right to cancel extends
22  three years after the date of the loan.  Id. § 1635(f).

23          Again, in this case, Plaintiffs' loan closed on March 22, 2006.  (ECF No. 28 at 3.)
24  Accordingly, Plaintiffs' right to rescind the loan under TILA expired at the latest on
25  March 22, 2009.  See 15 U.S.C. § 1635(f).  Plaintiffs' claim for rescission pursuant to
26  TILA is therefore time barred.
27  ///
28  ///

1      Plaintiffs contend that they are entitled to equitable tolling "due to Defendants'

2  failure to effectively provide the required disclosures and notices, including but not

3  limited to Defendants' failure to provide disclosures regarding payment schedules and

4  terms and violations of prohibitions regarding high-rate, high-fee loans."[4]  (ECF No. 28 at

5  25.)  The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate

6  circumstances, suspend the limitations period until the borrower discovers or had

7  reasonable opportunity to discover the fraud or nondisclosures that form the basis of the

8  TILA action."  King, 784 F.2d 910, 915 (9th Cir. 1986).  In determining justifiable

9  application of the equitable tolling doctrine, a court "focuses on excusable delay by the

10  plaintiff."  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  Excusable delay by

11  the plaintiff is defined as whether a reasonable plaintiff would not have known of the

12  existence for a possible claim within the limitations period.  Lukovsky v. City & Cnty. of

13  S.F., 535 F.3d 1044, 1051 (9th Cir. 2008).  To establish excusable delay, the plaintiff

14  must show "fraudulent conduct by the defendant resulting in concealment of the

15  operative facts, failure of the plaintiff to discover the operative facts that are the basis of

16  its cause of action within the limitations period, and due diligence by the plaintiff until

17  discovery of those facts."  Fed. Elec. Comm'n v. Williams, 104 F.3d 237, 240-41 (9th Cir.

18  1996).

19      Plaintiffs fail to allege what, if any, circumstances beyond their control prevented

20  them from discovering the nondisclosures that form the basis of their TILA action.

21  Plaintiffs do not allege any facts demonstrating that a reasonable plaintiff would not have

22  known of the existence of a possible claim within the limitations period.  Plaintiffs allege

23  only that Defendant Wells Fargo did not make the required disclosures, and acted

24  "willful[y], knowing[ly], malicious[ly], fraudulent[ly], and oppressive[ly] . . . ."

25  ///

26

27      [4] Throughout the Second Amended Complaint, Plaintiffs refer to "Defendants," and do not
distinguish between Defendant Wells Fargo and Defendant NDEX West, LLC.  To the extent that this
Order quotes or repeats Plaintiffs' allegations, the Order also refers to "Defendants."  However, only

28  Defendant Wells Fargo has moved to dismiss the Second Amended Complaint.

1   However, other than these conclusory allegations, Plaintiffs allege no facts showing, or

2   even suggesting, "fraudulent conduct by the defendant resulting in concealment of

3   operative facts." See Fed. Elec. Comm'n, 104 F.3d at 240-41.  Plaintiffs also fail to

4   allege any facts showing due diligence on their part to discover the operative facts giving

5   rise to their cause of action within the statute of limitations.  See id.  As such, the Court

6   cannot find that Plaintiffs are entitled to equitable tolling for their TILA claim.  Defendant

7   Wells Fargo's Motion to Dismiss Plaintiffs' TILA claim is therefore GRANTED.

8

9                    **2.    RICO Claim**

10

11           The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise

12   (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing

13   injury to plaintiff's business or property."  Living Designs, Inc. v. E.I. Dupont de Nemours

14   and Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506,

15   510 (9th Cir. 1996)).  An "enterprise" is "any individual, partnership, corporation,

16   association, or other legal entity, and any union or group of individuals associated in fact

17   although not a legal entity."  18 U.S.C. § 1961(4); Odom v. Microsoft Corp., 486 F.3d

18   541, 548 (9th Cir. 2007).  A "pattern" is at least two acts of "racketeering activity."

19   18 U.S.C. § 1961(5). "Racketeering activity" is "any act indictable under several

20   provisions of Title 18 of the United States Code, and includes the predicate acts of mail

21   fraud, wire fraud and obstruction of justice."  Sanford v. MemberWorks, Inc., 625 F.3d

22   550, 557 (9th Cir. 2010).  Finally, a plaintiff must allege a "concrete financial loss" as an

23   injury, but mere financial loss alone is not sufficient.  Canyon Cnty. v. Syngenta Seeds,

24   Inc., 519 F.3d 969, 975 (9th Cir. 2008); see also Newcal Indus. v. Ikon Office Solution,

25   513 F.3d 1038, 1055 (9th Cir. 2008).

26           Plaintiffs allege that Defendants concealed the fact that Plaintiffs' loans were

27   securitized, as well as the terms of the Securitization Agreements.

28   ///

1   Specifically, Plaintiffs allege that Defendants concealed "(1) [f]inancial Incentives paid;

2   (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition

3   Provisions.  By concealing the securitization, Defendants concealed the fact that the

4   Borrower's loan changed in character inasmuch as no single party would hold the Note

5   but rather the Notes would be included in a pool with other Notes, split into tranches, and

6   multiple investors would effectively buy shares of the income stream from the loans."

7   (ECF No. 28 at 26.)  According to Plaintiffs, these "acts of Defendants were criminal or

8   punishable as a crime."  (Id.)

9          As an initial matter, the Court rejects Plaintiffs' contention that securitization in

10  general somehow gives rise to a cause of action—Plaintiffs point to no law or provision

11  in the mortgage preventing this practice, and otherwise cite to no law supporting that

12  securitization can be the basis of a cause of action.  Indeed, other courts have rejected

13  that securitization of a mortgage loan provides the mortgagor a cause of action.  See

14  Joyner v. Bank of Am. Home Loans, No. 2:09–CV–2406–RCJ–RJJ, 2010 WL 2953969,

15  at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization

16  of loan); Haskins v. Moynihan, No. CV–10–1000–PHX–GMS, 2010 WL 2691562, at *2

17  (D. Ariz. July 6, 2010) (rejecting claims based on securitization because plaintiffs could

18  point to no law indicating that securitization of a mortgage is unlawful, and "[p]laintiffs fail

19  to set forth facts suggesting that [d]efendants ever indicated that they would not bundle

20  or sell the note in conjunction with the sale of mortgage-backed securities"); Lariviere v.

21  Bank of N.Y. as Tr., Civil No. 9-515-P-S, 2010 WL 2399583, at *4 (D. Me. May 7, 2010)

22  ("Many people in this country are dissatisfied and upset by [the securitization] process,

23  but it does not mean that the [plaintiffs] have stated legally cognizable claims against

24  these defendants in their amended complaint."); Upperman v. Deutsche Bank Nat. Trust

25  Co., No. 01:10–cv–149, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting

26  claims based on an "erroneous legal theory that the securitization of a mortgage loan

27  renders a note and corresponding security interest unenforceable and unsecured").

28  ///

13

1    Plaintiffs also assert certain "predicate acts of fraud, which were accomplished

2 through the US mail and the internet." (ECF No. 28 at 26.) "Fraudulent acts that form

3 the alleged pattern of racketeering activity" must be pleaded with particularity, pursuant

4 to Rule 9(b). Schreiber Distrib. Co. v. ServWell Furniture Co., Inc., 806 F.2d 1393, 1400

5 (9th Cir. 1986). Rule 9(b) provides that "a party must state with particularity the

6 circumstances constituting fraud." Fed. R. Civ. P. 9(b). "A pleading is sufficient under

7 Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can

8 prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666,

9 671-72 (9th Cir. 1993). When alleging fraud, "[t]he complaint must specify such facts as

10 the times, dates, places, benefits received, and other details of the alleged fraudulent

11 activity." Id. at 672; see also Schreiber Distrib. Co., 806 F.2d at 1401 ("[T]he pleader

12 must state the time, place, and specific content of the false representations as well as

13 the parties to the misrepresentation.")

14    According to Plaintiffs, Defendants' fraudulent acts include:

15

16    [B]ringing suit on behalf of entities which were not the real
      parties in interest, and which had no standing to sue[;]
17    actively concealing the parties' lack of standing in their
      standard complaints for foreclosure[;] [and] the drafting of the
18    fraudulent affidavits and documents and the subsequent
      execution of the documents by robo-signers and employees
19    of the document company, servicer, or Defendants' law firms,
      and the filing of fraudulent and forged affidavits as to the loan
20    ownership by robo-signers and employees of the Defendants'
      law firms, and services."

21 (Id.) The remaining allegations supporting Plaintiffs' RICO cause of action are general

22 and conclusory. These allegations include statements such as: "Defendants

23 intentionally participated in a scheme to defraud everyone, including [Plaintiffs]," (ECF

24 No. 28 at 27), and "Defendants agreed upon the same criminal objective to wit: the theft

25 of real property through illegal foreclosure liens," (ECF No. 28 at 28), and "[Defendants']

26 criminal enterprise . . . is used to conceal the true ownership of mortgage loans from the

27 general public, including investors, borrowers, the SEC, the IRS, and the Courts" (id.).

28 ///

1    Plaintiffs come nowhere close to pleading fraud with the requisite specificity.

2  These allegations amount to no more than generalized statements that Defendants

3  defrauded Plaintiffs and the public in general by securitizing loans.  Plaintiffs do not

4  allege times, dates, places, or the specific misrepresentations made.  See Neubronner,

5  6 F.3d at 671-72.  Because Plaintiffs fail to plead fraud with the specificity required by

6  Rule 9(b), and because securitization, as a general matter, is not illegal, Plaintiffs fail to

7  state a claim for RICO violations.  Defendant Wells Fargo's motion to dismiss this claim

8  is therefore granted.

9

10    **3.    State Law Claims**

11

12    As set forth above, Plaintiffs' Second Amended Complaint alleges only two

13  federal causes of action: violations of TILA and RICO.  (ECF No. 28.)  Having dismissed

14  these federal claims, and having no diversity jurisdiction in this action, the Court must

15  assess whether it is appropriate to exercise supplemental jurisdiction over the state law

16  claims.[5]

17    A district court "may decline to exercise supplemental jurisdiction over a [state]

18  claim" when "all claims over which it has original jurisdiction" have been dismissed.

19  28 U.S.C. § 1367(c)(3).  "While discretion to decline to exercise supplemental jurisdiction

20  over state law claims is triggered by the presence of one of the conditions in § 1367(c), it

21  is informed by the Gibbs values 'of economy, convenience, fairness, and comity.'"

22  ///

23

24    [5] The Court has previously found that there is no diversity jurisdiction in this case, and maintains
that finding despite granting Defendant Wells Fargo's Motion for Reconsideration.  See supra.  To
25  reiterate, for purposes of diversity jurisdiction, national banking associations, such as Defendant Wells
Fargo Bank, N.A., are "citizens of the States in which they are respectively located."  28 U.S.C. § 1348.
26  This Court has recently adopted the reasoning and conclusions set forth in Taheny v. Wells Fargo Bank,
N.A., 878 F. Supp. 2d 1093 (2012), and held that Wells Fargo is a citizen of South Dakota based on the
location of its main office, and is also a citizen of California pursuant to the "principal place of business"
27  test.  See Adams v. Wells Fargo Bank, N.A., No. 2:13-cv-00256-MCE-KJN, ECF No. 20 (E.D. Cal. May 7,
2013).  Because Plaintiffs and Defendant Wells Fargo are both citizens of California, the Court does not
28  have diversity jurisdiction over this action.

1    Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (1997) (citing United Mine Workers of

2    Am. v. Gibbs, 383 U.S. 715, 726 (1996)).

3          "The nascency of a lawsuit weighs in favor of [declining to continue exercising

4    supplemental jurisdiction]."  Pica v. Wachovia Mortg., No. 2:09-cv-02372-GEB-DAD,

5    2010 WL 2555634 (E.D. Cal. June 21, 2010) (quoting Marques v. Wash. Mut. Bank,

6    No. SACV 09–1067 DOC (RNBx), 2010 WL 1627080, at *1 (C.D. Cal. Apr. 20, 2010);

7    Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) (stating that when the

8    "federal-law claim in the action was eliminated at an early stage of the litigation, the

9    District Court had a powerful reason to choose not to continue to exercise jurisdiction")).

10   Additionally, the "primary responsibility for developing and applying state law rests with

11   the state courts."  See Curiel v. Barclays Capital Real Estate Inc., CIVS093074

12   FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  "Therefore, when federal

13   claims are eliminated before trial, district courts should usually decline to exercise

14   supplemental jurisdiction."  Id. (citing Carnegie–Mellon Univ., 484 U.S. at 350; Gini v.

15   Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual

16   case in which federal-law claims are eliminated before trial, the balance of factors . . . will

17   point toward declining to exercise jurisdiction over the remaining state law claims.")).

18         Because this suit has not proceeded past the pleading stage, "continued exercise

19   of supplemental jurisdiction over the state law claims serves no efficiency interest."

20   Marques, 2010 WL 1627080, at *2.  Furthermore, given that state courts have the

21   "primary responsibility for developing and applying state law," comity weighs in favor of

22   declining supplemental jurisdiction over the state law claims in this case.  See Curiel,

23   2010 WL 729499, at *1.  Thus, having dismissed Plaintiffs' federal claims, the Court now

24   declines to exercise supplemental jurisdiction over the pendant state law claims.

25   Accordingly, these claims are dismissed for lack of subject matter jurisdiction.

26   ///

27   ///

28   ///

                                      16

1    Because the Court dismissed Plaintiffs' First Amended Complaint with final leave

2    to amend (ECF No. 27 at 16), Plaintiffs' Second Amended Complaint is therefore

3    dismissed with prejudice.[6]

4

5         **C.    Motion for Attorneys' Fees**

6

7    Defendant Wells Fargo contends that the mortgage includes language that allows

8    Wells Fargo to collect "reasonable attorneys' fees" for its efforts to enforce its rights

9    under the mortgage, and thus states that Wells Fargo is entitled to roughly $11,000 in

10   attorneys' fees, as the action was an action on a contract and Wells Fargo prevailed.

11   California law governs a defendant's right to recover fees pursuant to an

12   underlying contract.  See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002).

13   California law provides that parties may allocate attorney's fees by contract.  See Cal.

14   Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by

15   statute, the measure and mode of compensation of attorneys and counselors at law is

16   left to the agreement, express or implied, of the parties . . . .").  "This ability to contract

17   out of the American rule, under which each party pays its own attorney's fees, is

18   circumscribed, however, by California Civil Code section 1717, which was 'enacted to

19   limit the ability of a dominant contracting party to provide for a right to attorney's fees on

20   only one side of an agreement.'"  Berkla, 302 F.3d at 919 (quoting Sears v. Baccaglio,

21   60 Cal. App. 4th 1136 (1998)).  California Civil Code section 1717 states:

22            (a) In any action on a contract, where the contract specifically
              provides that attorney's fees and costs, which are incurred to
23            enforce that contract, shall be awarded either to one of the
              parties or to the prevailing party, then the party who is
24            determined to be the party prevailing on the contract, whether
              he or she is the party specified in the contract or not, shall be
25            entitled to reasonable attorney's fees in addition to other
              costs . . . .
26

27            [6] Because the Court need not take judicial notice of the facts and documents submitted by
      Defendant Wells Fargo in support of its Motion to Dismiss, the Court declines to do so.  The Request for
28    Judicial Notice is therefore denied.  (ECF No. 30.)

17

1   Cal. Code Civ. Proc. § 1717(a).

2       Section 1717 also provides that the court "shall determine who is the party

3   prevailing on the contract." Id. § 1717(b).  According to subsection (b), "[t]he party

4   prevailing on the contract shall be the party who recovered a greater relief in the action

5   on the contract.  Id.  The court may also determine that there is no party prevailing on

6   the contract for purposes of this section." Id.

7       Under California law, when a party to a contract dispute obtains a simple

8   unqualified win in litigation, a court has no discretion to deny attorneys' fees pursuant to

9   a valid contractual attorneys' fees clause under section 1717.  Safley v. Wells Fargo, NA,

10  2:12-CV-00795 JAM, 2012 WL 4364254, at *1 (E.D. Cal. Sept. 21, 2012) (citing

11  Jackson v. Homeowners Ass'n Monte Vista Estates–East, 93 Cal. App. 4th 773 (2001)).

12  But, "[i]f neither party achieves a complete victory on all the contract claims, it is within

13  the discretion of the trial court to determine which party prevailed on the contract or

14  whether, on balance, neither party prevailed sufficiently to justify an award of attorney

15  fees." Id. (quoting Scott Co. of Cal. v. Blount, Inc., 20 Cal. 4th 1103 (1999)).

16      "In deciding whether there is a 'party prevailing on the contract,' the trial court is

17  'to compare the relief awarded on the contract claim or claims with the parties' demands

18  on those same claims and their litigation objectives as disclosed by the pleadings, trial

19  briefs, opening statements, and similar sources.'" Pinnacle Fitness & Recreation Mgmt.,

20  LLC v. Jerry & Vickie Moyes Family Trust, 3:08-CV-1368-GPC-BGS, 2013 WL 3779301,

21  at *2 (S.D. Cal. July 17, 2013) (quoting Hsu v. Abbara, 9 Cal. 4th 863, 876 (1995)).  "An

22  involuntary dismissal operates as an adjudication on the merits unless it is for lack of

23  jurisdiction, improper venue, or failure to join a party under Rule 19." Valtierra v. Wells

24  Fargo Bank, N.A., CIV-F-10-0849 AWI, 2012 WL 985700, at *2 (E.D. Cal. Mar. 22, 2012)

25  (citing Murphy v. Wells Fargo Bank, N.A., No. C 10–5837 MMC, 2012 WL 729378 (N.D.

26  Cal. Mar. 6, 2012)); see also Fed. R. Civ. P. 41(b) (stating that dismissal for lack of

27  jurisdiction does not operate as an adjudication on the merits).

28  ///

1    In this case, the underlying judgment is not a simple, unqualified finding that

2   Defendant Wells Fargo did not violated the law.  Instead, only the two federal claims are

3   dismissed without leave to amend for failure to state claim.  The majority of the claims—

4   that is, Plaintiffs' state law claims—are dismissed for lack of subject matter jurisdiction,

5   as there is neither diversity jurisdiction nor supplemental jurisdiction over these claims.

6   Defendant has therefore not prevailed on these claims.  See Baldain v. Am. Home

7   Mortg. Servicing, Inc., CIV.S-09-0931LKK/GGH, 2010 WL 2606666, at *8 (E.D. Cal.

8   June 28, 2010).

9    Moreover, "a RICO claim is not a claim 'on a contract' for purposes of California

10   Civil Code section 1717."  Baldain, 2010 WL 2606666, at *5.  The court in Baldain

11   reached this conclusion because "[i]n considering claims for common-law fraud,

12   California courts have explained that 'an action for fraud seeking damages sounds in

13   tort, and is not 'on a contract' for purposes of an attorney fee award, even though the

14   underlying transaction in which the fraud occurred involved a contract containing an

15   attorney fee clause.'"  Id. (quoting Super 7 Motel Assocs. v. Wang, 16 Cal. App. 4th 541,

16   549 (1993)).  The court reasoned that the "focus on the remedy sought appears equally

17   applicable to RICO claims."  Id.  Plaintiffs' TILA claim, by contrast, seeks to rescind the

18   contract at issue, and therefore is a "claim on a contract."  See id. at *6.  California courts

19   have interpreted the term "on a contract" broadly, to include any action "based on" or

20   "sounding in" contract.  Santisas v. Goodin, 17 Cal. 4th 599, 617 (1998).  Under this

21   interpretation of the statutory language, only one of the claims adjudicated on the merits

22   in this case is a claim "on a contract" for purposes of section 1717.

23    Thus, Defendant Wells Fargo did not achieve a simple unqualified win.

24   Defendant Wells Fargo instead achieved a very narrow victory, prevailing "on the

25   contract" only on Plaintiffs' TILA claims.  As such, an award of attorneys' fees is within

26   the Court's discretion.

27   ///

28   ///

1  Because Defendant Wells Fargo achieved only this narrow success, the Court finds that

2  neither Plaintiffs nor Defendant Wells Fargo was the prevailing party for purposes of

3  attorneys' fees.  Accordingly, Defendant Wells Fargo's Motion for Attorneys' Fees is

4  DENIED.[7]

5

6                                         **CONCLUSION**

7

8          For the reasons just stated, it is HEREBY ORDERED THAT:

9      1.      Defendant Wells Fargo's Motion for Reconsideration is GRANTED (ECF

10             No. 46);

11     2.      Defendant Wells Fargo's Motion to Dismiss Plaintiffs' Second Amended

12             Complaint is GRANTED (ECF No. 29);

13     3.      Defendant Wells Fargo's Motion for Attorneys' Fees is DENIED; and

14     4.      The Second Amended Complaint is DISMISSED WITH PREJUDICE as to

15             Defendant Wells Fargo.

16     IT IS SO ORDERED.

17  Dated:  August 21, 2013

18

19

20  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE
21  UNITED STATES DISTRICT COURT

22

23

24

25

26

27  _____

28     [7] Because the Motion for Attorneys' Fees is DENIED, the Court declines to take judicial notice of the documents submitted by Defendant Wells Fargo.  (ECF No. 48.)

                                                   20